UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONALD E. ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:14-CV-2071-JD-CAN |
| v. | ) |
| | ) |
| ST. JOSEPH COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Ronald E. Rogers, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 23.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that

defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Rogers claims that he was denied adequate medical care while housed at the St. Joseph County Jail as a pretrial detainee. Specifically, he alleges that on November 21, 2014, his left arm was bleeding excessively through an abscess. He contacted a pod officer in charge, whose identity is unknown to Rogers, and asked that officer to contact medical staff or come into the cell to personally assess the situation. However, the pod officer refused to respond to Rogers's request for assistance. After some time, Rogers was ultimately seen and transported to the County Jail Medical Unit, where it was determined that a main artery in his arm was bleeding and that the condition was worsened due to the delay in receiving medical treatment. Rogers has brought suit against the unknown officer and Warden Julie Lawson, seeking both money damages and injunctive relief.

Because Rogers is a pretrial detainee, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 473-74 (7th Cir. 2009). However, the standards that apply are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* at 475. Under either Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

Here, Rogers alleges that he was suffering from a serious medical condition, but yet the unknown officer prevented him from being evaluated or given the medical care that he needed, despite his repeated protests that he needed medical attention. As a result, his condition worsened. Giving Rogers the inferences to which he is entitled at this stage, he has stated a plausible deliberate indifference claim against the unknown officer. *See Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

As to Warden Julie Lawson, he asserts generally that she conspired with the unknown officer and others to deprive Rogers of his Eighth Amendment right to be free from cruel and unusual punishment. (DE 23 at 3-4.) He does not offer any specifics about this alleged conspiracy. Instead, he merely states that she was involved in the conspiracy. Rogers's bare allegations of a conspiracy do not suffice. S*ee Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006) ("bare" allegation of conspiracy is insufficient to state a claim). Accordingly, Rogers's amended complaint does not contain a plausible conspiracy claim against Warden Lawson.

As a practical matter, this case cannot proceed against the unnamed officer. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Thus, the Court will order that service be made on the Warden for the sole purpose of identifying the defendant officer through discovery. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). The Court will set deadlines for Rogers to conduct discovery and to file an amended complaint containing the name of the officer, which he must do in order for this case to proceed. If Rogers can obtain the name of the officer on his own without having to conduct discovery, he may of course do so. In either case, however, if he fails to submit an amended complaint containing the officer's name by the deadline[1], this action will be dismissed for failure to state a claim against a viable defendant.

For these reasons, the Court:

(1) **GRANTS** the plaintiff leave to proceed against Julie Lawson for the sole purpose of conducting discovery to identify the unknown defendant who delayed him receiving medical treatment on November 21, 2014;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the United States Marshals Service to effect service of process on Julie Lawson;

(4) **ORDERS** Julie Lawson to appear and respond to discovery for the sole purpose of identifying the unknown officer defendant;

(5) **WAIVES** Julie Lawson's obligation to file an answer to the complaint;

---

[1] Of course, Rogers can ask for additional time, if necessary.

(6) **DIRECTS** the clerk to place this cause number on a blank 42 U.S.C. § 1983 Prisoner Complaint form and mail it to the plaintiff along with a copy of this order;

(7) **ORDERS** that any discovery by the plaintiff regarding the identity of the unnamed officer defendant be initiated by **December 14, 2015**;

(8) **ORDERS** the plaintiff to file an amended complaint on or before **February 22, 2016**, which names the officer defendant who delayed him receiving medical treatment on November 21, 2014 and all claims that he is asserting against him; and

(9) **CAUTIONS** him that if he does not file an amended complaint by the deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: October 19, 2015

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court